**MORGAN, LEWIS & BOCKIUS LLP**
Melissa C. Rodriguez
Jason D. Burns
Jonathan M. Weinberg
101 Park Avenue
New York, NY 10178-0060
Tel.:   (212) 309-6000
Fax:   (212) 309-6001
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC.<br><br>　　　　　　　Petitioner,<br><br>　　　　v.<br><br><br>KARIN GARFIN,<br><br>　　　　　　　Respondent. | Civil Action No.<br><br>**PETITION TO COMPEL ARBITRATION** |

Petitioner Charter Communications, Inc. ("Charter" or "Petitioner"), by and through its undersigned counsel, brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, to compel individual arbitration of the employment claims of Karin Garfin ("Respondent" or "Garfin") in accordance with the terms of her binding arbitration agreements with Charter.  For this Petition, Charter alleges as follows:

## NATURE OF THE ACTION

1.　This Petition is brought, *inter alia,* pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, to compel arbitration of Garfin's claims based on her contractual agreement to arbitrate all claims, disputes, or controversies related to her employment.

2. This action arises out of Garfin's now second attempt to circumvent the parties' agreement to arbitrate by filing an action alleging violations of the New York State Human Rights Law and New York City Human Rights Law in New York State court. Garfin's breach of her arbitration agreements and forum shopping is designed to deny Charter the benefit of its bargain—the arbitration of the parties' disputes by an arbitrator in New York. The Court should compel Garfin to honor her agreement to arbitrate and prohibit her from pursuing her claims outside the agreed upon arbitration process.

3. Garfin was subject to an arbitration agreement with Charter that she acknowledged and agreed to, and signed when onboarding for her position as Senior Producer in June 2017 (the "First Arbitration Agreement"). *See* Declaration of Chance Cassidy ("Cassidy Decl.") at ¶¶ 10-16.

4. Garfin was sent a second arbitration agreement with Charter (the "Second Arbitration Agreement") in an October 2017 email announcing Solution Channel, Charter's employment-based legal dispute resolution and arbitration program (the "Solution Channel Program," "Solution Channel" or the "Program"). *See* Declaration of John Fries ("Fries Decl.") at ¶¶ 10-11. The Program covers "all disputes…related to…employment…including without limitation…unlawful discrimination or harassment (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other prohibited grounds…" *See* Fries Decl. at ¶ 8, Ex. A, at ¶ B.1. The Program provides that arbitration will be conducted before one arbitrator who is a current member of the American Arbitration Association ("AAA") and is listed on the Employment Dispute Resolution Roster. *Id.* at ¶ H.

5.	Garfin filed a state court action by filing a summons with notice on March 19, 2019 in the Supreme Court of the State of New York for the County of New York, captioned *Karin Garfin v. Charter Communications; Spectrum News LLC d/b/a "Spectrum News NY1" and d/b/a "NY1;" Kevin Dugan, Audrey Gruber, and Frank Dilella*, Index No. 152908/2019 (the "2019 Court Action"). *See* Rodriguez Decl. at ¶ 3, Ex. A.

6.	In May 2019, Garfin voluntarily discontinued the 2019 Court Action, without ever serving Charter with a complaint in that action.  *See* Rodriguez Decl. at ¶ 4, Ex. B ("Voluntary Discontinuance of 2019 Action").

7.	On July 6, 2020, Garfin, through her counsel, sent Charter a Demand for Arbitration and Statement of Claim (the "Demand"), and explained the Demand would be filed with JAMS.  *See* Rodriguez Decl. at ¶ 5 Ex. C.

8.	On July 7, 2020, Garfin's counsel contacted Charter's counsel and indicated that "We inadvertently filed the Garfin Arbitration at JAMS, we received a notice from JAMS and will be filing today at the AAA."  *See* Rodriguez Decl. at ¶ 6, Ex. D.

9.	That same day, July 7, 2020, Garfin's counsel confirmed on a telephone call with Charter's counsel that Garfin agreed to submit her claims through Charter's Solution Channel Program.  *See* Rodriguez Decl. at ¶ 6, Ex. D.

10.	That same day, July 7, 2020, and consistent with her agreement, Garfin followed the Solution Channel process by submitting her written claim to Charter's Solution Channel arbitration and alternative dispute resolution process.  *See* Rodriguez Decl. at ¶ 7, Ex. E.

11.	Consistent with their agreement, Charter processed Garfin's claims under the Solution Channel Program.  On August 3, 2020, after Charter completed its review of Garfin's written claim pursuant to the Solution Channel process, Garfin again reaffirmed, in writing, her

agreement to arbitrate.  *See* Rodriguez Decl. at ¶ 8, Ex. F.  Specifically, Garfin's counsel affirmed in correspondence to Charter: "***We'd like to request arbitration of our client Karin Garfin's claims***."  *Id.* (emphasis added).

12. On August 4, 2020, Charter submitted Garfin's Demand to the AAA as she requested and as set forth by the Program.  *See* Rodriguez Decl. at ¶ 9, Ex. G.  That same day, Charter sent and Garfin's counsel acknowledged receipt of a copy the Demand sent to AAA initiating the parties' arbitration.  *See* Rodriguez Decl. at ¶ 10, Ex. H.

13. On August 13, 2020, the AAA sent by email to counsel for Charter and Garfin a letter "acknowledge[ing] receipt on August 4, 2020, of a AAA Demand for Arbitration which has been filed by the Respondent on behalf of the Claimant, and in accordance with the employment plan or contract containing a clause providing for administration by the AAA."  *See* Rodriguez Decl. at ¶ 11, Ex. I.  The letter included case initiation materials, including a list of potential arbitrators, and set deadlines for: (i) Charter to file an Answer; and (ii) the parties to select an arbitrator and submit a Checklist for Conflicts.  *Id*.  That same day, the AAA invoiced Charter the Case Management Fee, which Charter paid promptly.  *See* Rodriguez Decl. at ¶ 12, Ex. J.  Garfin raised no objection upon receiving the AAA's email correspondence confirming that the parties' arbitration had commenced.

14. Despite agreeing to and commencing an arbitration proceeding and agreeing to and following the Solution Channel Program alternative dispute resolution process, on August 26, 2020, over three weeks after requesting arbitration, counsel for Garfin abruptly reversed course.  They notified the AAA administrator and counsel for Charter of her intent to withdraw from arbitration, arguing that Garfin's agreement to arbitrate her claims was now somehow "null and void."  *See* Rodriguez Decl. at ¶ 13, Ex. K.

15. The next day, August 27, 2020, Charter's counsel contacted Garfin's counsel in an attempt to confer about their contradictory statements. *See* Rodriguez Decl. at ¶ 14, Ex. L. To date, Garfin's counsel has yet to respond. *Id.*

16. On August 26, 2020, Garfin, in direct breach of her agreements to arbitrate, commenced a second action in the Supreme Court of the State of New York for the County of New York, captioned *Karin Garfin v. Charter Communications, Inc. (D/B/A Spectrum News, Spectrum News NY1, and NY1), Kevin Dugan, Audrey Gruber, and Joi De Leon*, Index No. 156813/2020 (the "2020 Court Action"). *See* Rodriguez Decl. at ¶ 15, Ex. M. (the "Compl.").

17. Garfin's Complaint in the 2020 Court Action is nearly identical to her demand for arbitration. *See* Rodriguez Decl. at ¶ 15, Ex. M; ¶ 5, Ex. C. She alleges three causes of action under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). *Id.*

18. Garfin's Complaint in the Court 2020 Action, like her demand for arbitration, seeks to recover compensatory and other damages in an amount no less than $3,000,000.00, as well as attorney's fees and equitable relief. *Id.* at ¶ 257(a)-(b).

19. All of Plaintiff's claims in the 2020 Action fall squarely within the contours of the First Arbitration Agreement and Garfin's agreement to arbitrate her claims pursuant to the Solution Channel Program (including submitting her claims to the AAA). By these agreements, as well as by confirming her agreement to proceed and proceeding under the Solution Channel process, Garfin agreed to resolve any employment-related disputes with Charter through arbitration, <u>not</u> in New York State court or any other forum.

## THE PARTIES

20. Petitioner Charter, *inter alia,* provides telecommunications services to customers throughout the United States. Charter is incorporated in Delaware and has its principal executive offices in Stamford, Connecticut. Accordingly, Charter is a citizen of Delaware and/or Connecticut. See *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d. Cir. 2016) ("A corporation is 'essentially at home' … where it is incorporated or where it has its principal place of business."). Charter is an entity engaged in "commerce" as defined in Section 1 of the FAA.

21. Upon information and belief, Garfin resides in New York County, New York. *See* Compl. ¶ 6. Garfin does not allege that she has any intention to leave New York. Accordingly, Garfin may be deemed a citizen of New York for purposes of this Petition.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

23. This Court also has jurisdiction over this action pursuant to 9 U.S.C. § 4, which provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

---

[1] Charter's reference to alleged damages amounts is provided solely for the purpose of establishing that the amount in controversy is in excess of the jurisdictional minimum for purposes of this Petition. Charter maintains that each of Respondent's claims is without merit and that Charter is not liable to Respondent. No statement or reference contained herein shall constitute an admission of liability or that Respondent will recover these damages.

24. Venue is proper in this Court because Garfin resides and was employed by Charter in New York, New York, and the Solution Channel Program provides for binding arbitration within 100 miles of the Charter office to which Garfin reported during her employment or a mutually selected location by both Garfin and Charter.[2]

## FACTUAL ALLEGATIONS

25. Garfin was employed as a Senior Producer at a television show on NY1 in New York, New York, for approximately four months from in or around June 2017 to in or about November 2017, when she was terminated for unsatisfactory performance.

26. At the time she accepted her employment offer on June 13, 2017, Garfin agreed to be bound by the First Arbitration Agreement as a condition of her employment. *See* Cassidy Decl. at ¶ 16, Ex. A. ("Garfin Onboarding Status Details"); ¶ 11, Ex. B (the "First Arb. Agreement").

27. The First Arbitration Agreement provides that "any and all claims, disputes, and/or controversies between [Respondent] and Charter arising from or related to [Respondent's] employment with Charter shall be submitted exclusively to and determined exclusively by binding arbitration before a single Judicial Arbitration and Mediations Services, Inc. ("JAMS") arbitrator under the Federal Arbitration Act, 9 U.S.C. § 1 et. seq. ("FAA")." *See* First Arb. Agreement, at ¶ 1; *see also* Cassidy Decl. at ¶¶ 11-16.

28. The First Arbitration Agreement provides that arbitration will be conducted before a single Judicial Arbitration and Mediations Services ("JAMS") arbitrator in accordance with the terms of the JAMS Employment Arbitration Rules & Procedures and JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. *Id.*

---

[2] Under the Fist Arbitration Agreement, venue is also proper in this Court because Garfin resides in New York, New York, and the First Arbitration Agreement provides for binding arbitration at the JAMS resolution center that is closest to Garfin's residence.

29. Garfin received an offer of employment as Senior Producer at NY1 contingent upon her agreement to the First Arbitration Agreement. Garfin then electronically acknowledged and agreed to the First Arbitration Agreement on June 13, 2017, after having an opportunity to review its terms. Cassidy Decl. at ¶¶ 11-16. Garfin, therefore, had adequate notice of, assented to, and became bound by, the First Arbitration Agreement. *See* Cassidy Decl. at ¶ 16, Ex. A at 4.

30. Garfin's employment is valid consideration for her assent to the First Arbitration Agreement with Charter.

31. Charter's mutual agreement to arbitrate all Covered Claims under the First Arbitration Agreement it might have against Garfin is likewise sufficient consideration for Garfin's agreement to arbitrate.

32. The claims in the Complaint are covered by the First Arbitration Agreement.

33. Garfin agreed to the Solution Channel Program by submitting her claim to Solution Channel and then expressly requesting arbitration before the AAA.

34. Charter's agreement to proceed and internally processing Garfin's claims pursuant to the Solution Channel Program is valid consideration for Garfin's assent to the Program. Charter's submission of Garfin's claims to arbitration at her request and paying the related AAA fees pursuant to the Program is also sufficient consideration for Garfin's agreement to arbitrate her claims before the AAA.

35. Charter's mutual agreement to arbitrate pursuant to the Solution Channel Program any claims it might have against Garfin is likewise sufficient consideration for Garfin's agreement to arbitrate.

36. The claims in the Complaint are covered by the Solution Channel Program.

37. The Second Circuit has instructed that, pursuant to the FAA, the role of the reviewing court is limited to answering two questions: (1) "whether a valid agreement or obligation to arbitrate exists"; and (2) "whether one party to the agreement has failed, neglected or refused to arbitrate." *Shaw Gr., Inc. v. Triplefine Inter. Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (internal quotations omitted).

38. Garfin is bound to arbitrate her claims in the Complaint.

**FIRST CAUSE OF ACTION**
**(Order Compelling Individual Arbitration Pursuant to 9 U.S.C. § 4)**

39. Petitioner Charter repeats and realleges the allegations set forth in Paragraphs 1 through 38 above as if fully set forth herein.

40. Garfin's agreement to submit her claims to arbitration pursuant to the Program is a valid and enforceable contract, knowingly and voluntarily agreed and acknowledged by Garfin, as acknowledged by Garfin in her counsel's statement that Garfin would be submitting her claims to the AAA, and her request to pursue Garfin's claims in arbitration under the Solution Program after agreeing to proceed and proceeding pursuant to the Solution Channel Program. By acknowledging and agreeing to the Program, Garfin agreed to binding, individual arbitration before AAA of all claims arising out of her employment.

41. By agreeing to proceed and proceeding pursuant to the Solution Channel Program, having Charter process her claims under Solution Channel, requesting the commencing of arbitration of Garfin's claims on August 3, 2020, and having Charter submit her claims to arbitration and pay the associated fees to the AAA, Garfin further acknowledged and agreed that Garfin was bound to arbitrate her claims and agreed to arbitrate her claims under the Solution Channel Program before the AAA.

42. Even if Garfin had not agreed to the Solution Channel Program, the First Arbitration Agreement is a valid and enforceable contract, knowingly and voluntarily acknowledged by Garfin. By acknowledging and agreeing to the First Arbitration Agreement, Garfin agreed to binding, individual arbitration before JAMS of all claims arising out of her employment.

43. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Garfin to arbitrate all claims in accordance with the terms of the Solution Channel Program or, in the alternative, the First Arbitration Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Charter requests that:

a. The Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling arbitration on an individual basis of Garfin's claims alleged in the Complaint, as well as any and all other claims that could be brought by Garfin against Charter, in accordance with the Solution Channel Program, or, in the alternative, the First Arbitration Agreement.

b. The Court issue an Order granting Charter its attorneys' fees and costs; and

c. The Court grant any and all other relief that it deems just and proper.

Respectfully submitted,

Dated: August 31, 2020
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Melissa C. Rodriguez*
    Melissa C. Rodriguez
    Jason D. Burns
    Jonathan M. Weinberg

101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
melissa.rodriguez@morganlewis.com
jason.burns@morganlewis.com
jonathan.weinberg@morganlewis.com

*Attorneys for Charter*

## CERTIFICATE OF SERVICE

I hereby affirm that I caused to be served a true and correct copy of Charter's Petition to Compel Arbitration, this 31st day of August, 2020, on:

Karin Garfin
301 E 92 St, Apt. 9B
New York, New York 10128-5478
*Respondent*

and

Saranicole A. Duaban, Esq
GODDARD LAW PLLC
39 Broadway, Suite 1540
New York, New York 10006
*Attorneys for Respondent*

<u>/s/Melissa C. Rodriguez</u>
Melissa C. Rodriguez