UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., <br><br> Petitioner, <br><br> – against – <br><br> KARIN GARFIN, <br><br> Respondent. | 20 CV 7049 (KPF) (GWG) <br><br><br> DECLARATION OF <br> KARIN GARFIN |

Pursuant to 28 U.S.C. § 1746, I, Karin Garfin, declare as follows:

1.      I am the Respondent in this proceeding petitioning the Court to compel me to pursue my claims in arbitration, and the Plaintiff in the consolidated, currently stayed case seeking redress for my claims of discrimination.  I am making this Declaration to oppose Charter Communication's petition to compel arbitration.

2.      My employment was terminated by Charter on or about September 19, 2017, and my last work day was on or about September 23, 2017.  On the morning of September 23, 2017, I entered the workplace using my key card, and I logged onto my work computer and used the computer.  I cleared out my personal belongings, and organized my desk.

3.      Even though I was terminated, Charter nonetheless continued to pay me for some time through the Fall of 2017.

4.      After I was terminated, on or about September 23, 2017, I requested that I be permitted to continue working on a different program while I remained on payroll.   I realized the answer was "no" when I tried to check my work email account on my phone on September 28, 2017 but I could not, because my password no longer worked and I was locked out of the e-mail account.  I am appending to this Declaration a screenshot of the message that shows that I was locked out of my work email account.

1

5.      I never received an email on my Charter Communications work email address after September of 2017.

6.      I first brought my claims against Charter in New York State Supreme Court in March 2019.  Then, in April or May 2019, I learned from my attorney Megan Goddard that Charter Communications maintained that my claims were subject to an arbitration agreement ("the October 2017 Agreement") requiring me to arbitrate my claims at the American Arbitration Association after an informal investigation.  Something didn't seem right to me as I didn't recall ever receiving an arbitration agreement that I was required to "opt out of," and so  I voluntarily discontinued the lawsuit in May 2019 to figure out why Charter was saying that I had an arbitration agreement

7.      However, once I examined the alleged October 2017 Agreement, I realized that I never received it because it was sent to my work email account at Charter Communications in October 2017, a week or more after Charter Communications terminated me and cut off my access to the email account where it was sent..  I notified Ms. Goddard of this fact, and discussed with her re-filing my claims in state court.

8.      Then, in June 2019, I learned that Charter Communications sent a second agreement (the June 2017 Agreement) maintaining that, even if I had never received the October 2017 Agreement, I was nevertheless bound by the June 2017 Agreement that I was required to sign at the beginning of my employment in June 2017, pursuant to which my claims would be arbitrated at JAMS.  I examined the agreement and realized that as a condition of employment I had accepted that agreement.  Based on this, I told Ms. Goddard that I would submit my claims to arbitration at JAMS.

9.      Thereafter, due to family obligations which required my time and attention, I decided to hold off on filing until I had more time.

2

10.     In July of 2020  I decided to move forward with arbitration. At that time, Ms.

Goddard, who was  in her third trimester of a high risk pregnancy and also having flu like

symptoms in the middle of a pandemic, told me that another attorney in her office, Saranicole

Duaban would file the arbitration at JAMS, and that is exactly what Ms. Duaban did.

11.     I understand that the two agreements were confused and that my attorneys

erroneously filed the arbitration twice this summer.  These mistakes are understandable, because

Ms. Duaban was filling in for an ill and pregnant Ms. Goddard at the last minute as my statute of

limitations was coming up.  On the other hand, Charter Communications and its attorney knew

perfectly well that I had never agreed to (or even received!) the October 2017 Agreement calling

for AAA and have received no consideration related to the October 2017 Agreement.

Furthermore, Charter Communication knows that we are both bound by the June 2017

Agreement requiring arbitration at JAMS.

12.     I regret being subject to a mandatory arbitration agreement very much and am

saddened that companies like Charter Communications are empowered to require employees to

waive their access to courts as a condition of employment. I object to proceeding at AAA under

the October 2017 Agreement, because I never agreed to do so, I received absolutely no

consideration for allegedly being bound to this agreement, and because I believe that Charter

Communications has ignored my lack of agreement by repeatedly pretending, first to Ms.

Duaban and now to this Court, that I received and had the opportunity to consider the October

2017 Agreement. Based upon the history here, I am shocked that Charter Communications is

even asking this Court to compel me to proceed under the October 2017 Agreement over my

consistent objections and my lack of agreement, and despite the fact that I never received the

agreement and of course was given absolutely no consideration whatsoever, which has been

known to Charter Communications and was demonstrated and established in June 2019 by my counsel.

13.     In August 2020, I learned that New York State has passed new laws in response to the growing use of mandatory arbitration agreements by employers to deprive employees of their access to courts if they want to have a job.  I understand that New York wishes to protect employees from the very kind of abusive treatment that I believe I have suffered at Charter Communications' hands.  I respectfully ask that the Court permit me to continue to litigate in court, as New York State intended, at least until the appeals courts resolve the question of whether federal law prohibits New York State from extending this protection to employees like me.  If the Court will not grant me that, then I respectfully ask that it order my claims arbitrated at JAMS under the June 2017 Agreement, which is the  the only mandatory agreement that I ever received and agreed to as a condition of employment and which is the only Agreement I arguably received consideration for – employment at Charter.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, memory, information, and belief.

DATED: **Nov 13, 2020**
_____
Vancouver, British Columbia
Canada

*Karin Garfin*
Karin Garfin (Nov 13, 2020 08:44 PST)
_____
KARIN GARFIN



# FINAL VERSION

Final Audit Report                                                                    2020-11-13

| | |
|---|---|
| Created: | 2020-11-13 |
| By: | Tony Consiglio (consig@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_EtrBbNSWYKqQPj7bgODnbVxUkBQSaso |

## "FINAL VERSION" History

📄 Document created by Tony Consiglio (consig@gmail.com)
   2020-11-13 - 4:38:07 PM GMT- IP address: 24.104.254.109

📧 Document emailed to Karin Garfin (karingarfin@gmail.com) for signature
   2020-11-13 - 4:38:51 PM GMT

📄 Email viewed by Karin Garfin (karingarfin@gmail.com)
   2020-11-13 - 4:39:51 PM GMT- IP address: 66.249.84.201

✍️ Document e-signed by Karin Garfin (karingarfin@gmail.com)
   Signature Date: 2020-11-13 - 4:44:35 PM GMT - Time Source: server- IP address: 209.52.88.13

✅ Agreement completed.
   2020-11-13 - 4:44:35 PM GMT

**Adobe Sign**