UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC.,<br><br>　　　　　Petitioner,<br><br>　– against –<br><br>KARIN GARFIN,<br><br>　　　　　Respondent. | 20 CV 7049 (KPF) (GWG)<br><br><br>DECLARATION OF<br>SARANICOLE DUABAN |

Pursuant to 28 U.S.C. § 1746, I, Saranicole Duaban, declare as follows:

1.	I am an attorney licensed to practice law in the State of New York and am duly admitted to practice in this Court.  I have been associated with Goddard Law PLLC since March 2020.  I am making this Declaration in support of Karin Garfin's opposition to Charter Communication's petition to compel arbitration of her claims.

2.	I worked on Karin Garfin's matter at Goddard Law PLLC in July and August 2020.  My statements are based upon my work on the case and my review of the file.

3.	I was asked to jump in and file an arbitration at JAMS because Ms. Goddard was suffering medical complications during the third trimester of her high-risk pregnancy and also suffering from flu like symptoms in the middle of a pandemic. I was asked to jump in and simply handle the filing of the fully drafted arbitration complaint at JAMS, due to the quickly approaching statute of limitations deadline,

4.	I discussed the filing with Ms. Goddard and Ms. Garfin, and they told me that the case was to be filed with JAMS pursuant to a mandatory arbitration agreement that Ms. Garfin had signed when her employment commenced.  On July 6, 2020, I prepared the commencement paperwork and served it by email on Charter's attorney Ms.

1

Rodriguez, and filed it by email with JAMS. Unfortunately, I filed what I thought was the correct arbitration agreement (the "October 2017 Agreement") at JAMS.

5. I learned that I had made a mistake the next day, July 7, 2020, when the JAMS administrator emailed me saying that the "October 2017 Agreement" I attached required arbitration at AAA, not JAMS.

6. I was forced to contact Ms. Goddard while dealing with her health emergencies about the mistake. Believing that the firm had simply file at the wrong venue, I then e-mailed Ms. Rodriguez saying that we will correct the mistake by filing at AAA.

7. In response, Ms. Rodriguez telephoned me and said that I could not file at AAA, but instead needed to file through Charter's internal investigation process pursuant to the October 2017 Agreement I had attached to the commencement paperwork.

8. Ms. Rodriguez, knowing that the case had been handed off to me, did not tell me that counsel for Ms. Garfin had communicated in writing a year earlier that she had never received the October 2017 agreement and therefore was not bound by it, because her email had been cut off from Charter before the October 2017 Agreement was sent, and that in fact Ms. Rodriquez had made us aware of an earlier agreement, the "June 2017 Agreement," that required Ms. Garfin to arbitrate at JAMS. *See* Goddard Decl., Exhibit 1.

9. I understand that Ms. Rodriguez had no duty to inform me of what was obviously a mistake, and I include the details in the previous paragraph only to demonstrate that, while my mistake was an honest mistake occasioned by Ms. Goddard's high risk pregnancy and illness, Ms. Rodriguez did not extend the courtesy of giving me a head's up as to the true nature of the mistake that I made. Instead of revealing to me that I correctly filed the arbitration at the organization that she knew Ms. Garfin had

agreed to arbitrate at, she instead sent me the instructions for commencing the process to arbitrate at AAA, where she knew Ms. Garfin objected to arbitration based on lack of agreement as she never received the email as Charter had terminated her and cut off her email before they sent it to her.

10. As the exhibits submitted by Charter in support of its Petition show, I then, based on Ms. Rodriguez instructions, told her that I would commence the internal process with Charter, and I did so immediately, the same day, July 7, 2020. After Charter's internal investigation was concluded on July 31, 2020, I requested that arbitration be commenced on August 3, 2020, and Defendants commenced at the AAA on August 4, 2020.

11. After the arbitration was filed at AAA in early August 2020, I learned the true nature of our mistake – that is, Ms. Garfin never agreed to arbitrate at AAA and objected to doing so and that I had originally correctly filed at JAMS, albeit with the wrong agreement.

12. Specifically, I received access to several e-mails exchanged between Ms. Goddard and Ms. Rodriguez in 2019 which demonstrated that Ms. Goddard had communicated to Ms. Rodriguez that Ms. Garfin had never received the October 2017 Agreement, and therefore was not bound by it. I also then saw for the first time the e-mail where Ms. Rodriguez sent the June 2017 agreement to Ms. Goddard and informed her that even if Ms. Garfin had not received the October 2017 Agreement, she was "bound by" the June 2017 Agreement requiring arbitration at JAMS. It was at this time I realized the true nature of our mistake-we had filed the wrong agreement at JAMS, not filed the correct agreement at the wrong venue.

13. Also in August, I learned that New York's prohibition and nullification of mandatory arbitration agreements in CPLR § 7515 had been applied by a justice of the Supreme Court in New York County in July 2020 to deny a motion to compel arbitration, and the justice issued a carefully reasoned opinion.

14. On August 26, 2020, within AAA's 30 day window, I notified the AAA and Ms. Rodriguez that Ms. Garfin had never received the agreement to arbitrate at AAA and therefore was not bound by it, and would not participate in arbitration at AAA on that ground; and that, furthermore, we believed that any agreement to arbitrate discrimination claims was null and void under CPLR § 7515. I then filed the case in New York State court the same day.

15. If Ms. Garfin is required to arbitrate, the Court should enforce the only valid agreement between the parties-the June 2017 agreement, unless it is null and void under CPLR§ 7515 both parties remain bound by the JAMS agreement. In no event should the Court require Ms. Garfin to arbitrate at AAA over her objections, with an agreement that she never entered into based at best on her law firms' mistake.

16. In the first instance, the Court should await the appeals courts' review of the validity of CPLR § 7515; if Ms. Garfin must be compelled to arbitrate her claims, they should be arbitrated pursuant to the June 2017 Agreement, not the October 2017 Agreement, which means the case must be heard at JAMS, not AAA.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, memory, information, and belief.

DATED: **Nov 13, 2020**
Brooklyn, New York

/s/ *Saranicole A. Duaban*
SARANICOLE DUABAN

# Declaration

Final Audit Report        2020-11-13

| | |
|---|---|
| Created: | 2020-11-13 |
| By: | Tony Consiglio (consig@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAqzF0x0xW1Oi9sAZ8PK2n3IvtBX_I6UOn |

## "Declaration" History

- Document created by Tony Consiglio (consig@gmail.com)
  2020-11-13 - 6:52:23 PM GMT- IP address: 24.104.254.109

- Document emailed to Saranicole Duaban (saranicole@goddardlawnyc.com) for signature
  2020-11-13 - 6:53:34 PM GMT

- Email viewed by Saranicole Duaban (saranicole@goddardlawnyc.com)
  2020-11-13 - 8:14:11 PM GMT- IP address: 196.53.0.43

- Document e-signed by Saranicole Duaban (saranicole@goddardlawnyc.com)
  Signature Date: 2020-11-13 - 8:17:08 PM GMT - Time Source: server- IP address: 196.53.0.43

- Agreement completed.
  2020-11-13 - 8:17:08 PM GMT

Adobe Sign